# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND L. HALL, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 14-0931 (CRC) |
| WARDEN RAYMOND BYRD, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, filed this action for a writ of habeas corpus from the District of Columbia's Correctional Treatment Facility ("CTF"). He presents two distinct claims. First, petitioner challenges the consecutive sentences and assessed fine imposed by the Superior Court of the District of Columbia on September 24, 2013. *See* Pet. for Writ of Habeas Corpus [Dkt. # 1] at 2, 4-5. Second, petitioner challenges the Department of Corrections' calculation of his sentence and its alleged arbitrary refusal to place him in "a halfway house or home confinement like other D.C. Code offenders housed in [Bureau of Prison's] custody . . . ." *Id*. at 4. Petitioner seeks his release from CTF and the modification of his sentences from consecutive to concurrent. *See id*. at 4, 6.

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ . . ., unless it appears from the application that the

1

applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the following reasons, the Court will deny the petition and dismiss the case.

**1. The Court Lacks Jurisdiction to Hear Petitioner's Sentencing Claim**

Unlike federal and state prisoners, "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention' " *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). D.C. Code § 23–110 authorizes a District of Columbia prisoner to file a motion in Superior Court "to vacate, set aside, or correct [a] sentence on any of four grounds" challenging its constitutionality. *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). This local remedy "has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992) (citing *Garris*, 794 F.2d at 725; *Swain v. Pressley*, 430 U.S. 372, 377-82 (1977)).

The statute provides in particular:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The United States Court of Appeals for the District of Columbia Circuit has interpreted the "plain language" of this provision as "divest[ing] federal courts of jurisdiction to hear habeas petitions by prisoners

who could have raised viable claims pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Because petitioner may challenge the Superior Court's sentence under § 23-110 and has not alleged, let alone shown, the ineffectiveness of that remedy, this Court lacks authority to entertain petitioner's claim arising from his sentence.

**2. Petitioner is Not Entitled to Issuance of the Writ to His Warden**

In habeas proceedings, "[t]he writ or order to show cause [is] directed to the person having custody of the person detained," 28 U.S.C. § 2243, which, in this case, is the warden of CTF. A District of Columbia prisoner is entitled to habeas relief when he shows that his "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). As discussed next, petitioner has not made the requisite showing.

Petitioner contends that "prison officials had miscalculated [his] sentence and ran it 'consecutively' in violation of the double jeopardy clause." Pet. at 4. However, petitioner admits, and the Superior Court's commitment order is clear, that the underlying "count(s) run consecutive to each other and consecutive to any other sentence." *Hall v. District of Columbia*, 2013 DVM 000172 (D.C. Super. Ct. Sept. 27, 2013). The warden's execution of that order does not implicate the double jeopardy clause's proscription against "multiple punishments for the same offense." *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (citation and internal quotation marks omitted); *see id*. ("The purpose [of the double jeopardy clause] is to ensure that *sentencing courts* do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch

3

of government, in which lies the substantive power to define crimes and prescribe punishments.") (emphasis added); *see also Brown v. U.S. Parole Comm'n*, 713 F. Supp. 2d 11, 13 (D.D.C. 2010) (rejecting parolee's double jeopardy claim against the U.S. Parole Commission because "the USPC has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia") (citation omitted). Hence, the Court finds petitioner's ground for relief based on the double jeopardy clause of the Fifth Amendment to the United States Constitution to be meritless.

Petitioner also invokes the equal protection clause by alleging that he was "discriminated against" when he was "denied the . . . opportunity to be sent to a halfway house or home confinement," but he compares himself with D.C. Code offenders housed in the U.S. Bureau of Prisons.[1] Pet. at 4. An equal protection violation occurs when the government treats "similarly situated" individuals differently without a rational basis. *Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996). Prisoners, such as petitioner, who are housed in District of Columbia facilities are "not similarly situated to those prisoners [housed in BOP facilities], because [they] [are] in the custody of a different agency of government." *Noble v. U.S. Parole Comm'n*, 194 F.3d 152, 154-55 (D.C. Cir.

---

[1] "The District of Columbia is subject to the [Fourteenth Amendment's equal protection clause] by virtue of the Fifth Amendment's guarantee of due process of law." *Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996).

4

1999). Hence, the Courts finds petitioner's equal protection claim to be meritless as well.

## CONCLUSION

For the foregoing reasons, the Court concludes (1) that it lacks jurisdiction over petitioner's claim challenging his Superior Court sentence and (2) that the petition fails to provide a basis for issuing either the writ of habeas corpus or a show cause order to petitioner's warden. Hence, the petition will be denied and this case will be dismissed. A separate order accompanies this Memorandum Opinion.

_____s/_____
CHRISTOPHER R. COOPER
DATE: June 23, 2014     United States District Judge